```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____          │
│ DATE FILED:   10/12/2022        │
└─────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUOSHUI SUN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.: 1:22-cv-01015 (ALC)(KHP) |
| Plaintiff, | **OPINION AND ORDER APPOINTING NEW MEXICO STATE INVESTMENT COUNCIL AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AS LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF CO-LEAD COUNSEL** |
| v. | |
| TAL EDUCATION GROUP, BANGXIN ZHANG, RONG LUO and LINDA HE, | |
| Defendants. | |

This matter has been referred to the undersigned for appointment of lead counsel. For the reasons set forth below, the Court appoints New Mexico State Investment Council and Public Employees' Retirement System of Mississippi as Lead Plaintiffs and approves their selection of co-lead counsel.

## BACKGROUND

Ruoshui Sun brings this securities action against TAL Education Group ("TAL"), and TAL officers/former officers Bangxin Zhang, Rong Luo and Linda He on behalf of all persons who purchased TAL American Depository Shares between April 26, 2018 and July 22, 2021. TAL is a Cayman Islands corporation headquartered in Beijing, China. It provides private educational and tutoring services to students in the People's Republic of China. (Comp. ¶ 6.)

According to the Complaint, TAL engaged in deceptive advertising and promoted fake product pricing, designed to induce student enrollment; fabricated favorable course reviews, including by made-up consumers; forced students to pay advances and take on recurring debt payments in violation of Chinese law; offered courses that gave students unfair advantages in

1

contravention of Chinese government policies; misrepresented teacher qualifications and course qualities; mishandled user data; and rigged promotional events to defraud consumers. (Comp. ¶ 20.)  These practices exposed TAL to risks of adverse governmental action and were allegedly concealed by TAL as part of a scheme to defraud investors, artificially inflating TAL ADS prices.  (Comp. ¶ 21.)  Plaintiffs identify various statements and omissions in public announcements of quarterly and year-end financial results for the period April 26, 2018 through January 21, 2021, in quarterly earnings calls during the same period, and in Form 20-F filings with the U.S. Securities and Exchange Commission in 2018, 2019, and 2020.  (Comp. ¶¶ 22-48.)  They assert that the statements misrepresented and failed to disclose adverse facts about TAL's business, operations and prospects and also failed to include information in its SEC filings that are required by SEC rules and regulations.  (Comp. ¶¶ 49-55.)  This created a misleading picture of the value of TAL's business and future financial prospects.

In March 2021, the Chinese government contemplated various regulations for the online tutoring that would negatively impact TAL, and on March 31, 2021, China's Ministry of Education announced that education departments should limit the times at which primary and secondary school students take part in online learning to ensure they are getting enough sleep. (Comp. ¶¶ 56-59.)  News of the government's focus on TAL's industry caused the price of TAL ADSs to drop 26% between March 5, 2021 and April 1, 2021.  (Comp. ¶ 60.)  In April 2021, Defendants allegedly continued to make misleading statements about its finances and prospects.  (Comp. ¶¶ 61-62.)  Then, on April 25, 2021, news organizations reported that TAL was fined by the government for misleading customers with false advertising.  (Comp. ¶ 64.) On May 12, 2021, new organizations revealed that impending government regulations would

be stricter than previously known and include bans on places where and times when tutoring could be offered.  (Comp. ¶ 65.)  The news caused the price of TAL ADSs to drop 13% between May 11, 2021 and May 13, 2021.  (Comp. ¶ 66.)  On June 1, 2021, TAL was fined again for deceptive advertising, causing TAL ADSs to drop another 18% between June 1, 2021 and June 3, 2021.  (Comp. ¶¶ 67-69.)  Finally, on July 23, 2021, China banned for-profit tutoring on core school subjects, triggering a selloff of TAL ADSs, with the shares selling at $4.40 by market close on July 26, 2021—a 95% decline in the price since February 19, 2021.  (Comp. ¶¶ 70-71.)

This action ensued.  Plaintiff contend Defendants defrauded investors in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5, promulgated thereunder (17 C.F.R. §240.10b-5) (the "Action").

## MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(A)(i), on February 4, 2022, counsel for Plaintiff Sun published a notice on *Business Wire*, which alerted investors to the pendency of the Action and the deadline to file a motion seeking lead plaintiff status (i.e., "no later than 60 days from today").  (ECF No. 21-3.)  Under 15 U.S.C. §78u-4(a)(3)(A)(i)(II), the statutory deadline to file a motion for appointment as lead plaintiff in the Action expired on April 5, 2022.

On April 5, 2022, New Mexico State Investment Council ("NMSIC") filed a motion seeking appointment as Lead Plaintiff and approval of its selection of Grant & Eisenhofer ("G&E") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Co-Lead Counsel for the Class.  (ECF No. 20.)  That same day, Public Employees' Retirement System of Mississippi

("MSPERS") filed a motion seeking appointment as Lead Plaintiff, and approval of their selection of Berger Montague PC ("Berger Montague") as Lead Counsel for the Class.  (ECF No. 17.) Several other individuals also filed motions seeking appointment as lead plaintiff and appointment of lead counsel including: (i) Macy Ganji (ECF No. 13); (ii) Potrero LLC (ECF No. 14); (iii) Pranav Jain (ECF No. 23); and (iv) Jianwu Wu (ECF No. 27).

Subsequently, Jain withdrew its motion (ECF Nos. 32, 40), and Wu and Potrero LLC submitted statements of non-opposition to appointment of NMSIC and MSPERS and their chosen counsel as lead plaintiffs (ECF Nos. 31, 33) in light of the amount of loss claimed by these entities. NMSIC claims a  $9.5 million FIFO loss and a $5.3 million LIFO loss (ECF Nos. 19, 20).  MSPERS claims a $5.4 million FIFO/LIFO loss.  (ECF Nos.  16, 17.)  These losses far eclipse the losses claimed by the other people who initially sought appointment as lead plaintiff.  The following chart reflects the claimed loses in the various motions referenced above

| Movant | LIFO Losses Claimed |
| --- | --- |
| MSPERS (ECF 18-3) | $5,424,989 |
| New Mexico State Investment Council (ECF No. 21-2) | $5,355,629 |
| Potrero LLC (ECF No. 15-2) | $422,411 |
| Jianwu Wu (ECF No. 28-2) | $229,927 |
| Macy Ganji (ECF No. 13-3) | $222,932 |
| Pranav Jain (ECF No. 24-3) | $198,645 |

NMSIC and MSPERS have now agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as Lead Plaintiff.  (ECF No. 38.)

**APPLICABLE LAW AND ANALYSIS**

The Private Securities Litigation Reform Act ("PSLRA") sets forth the standard for selecting a lead plaintiff in class actions brought pursuant to the Securities Exchange Act.  As an initial

matter, the plaintiff who files the first action must publish notice to the class within twenty (20)

days of filing the action, informing class members of (1) the pendency of the action; (2) the claims

asserted therein; (3) the purported class period; and (4) the right to move the court to be

appointed as lead plaintiff within sixty days of the publication of the notice.  *See* 15 U.S.C. § 78u–

4(a)(3)(A)(I).  Within sixty days after publication of the notice, any member or group of members

of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they

have previously filed a complaint in the action.  *See id*. § 78u–4(a)(3)(A)-(B).

Next, the PSLRA provides that within ninety days after publication of notice, the Court

shall consider any motion made by a purported class member and shall appoint as lead plaintiff

the "member or members of the purported plaintiff class that the court determines to be most

capable of adequately representing the interest of class members."  *Id*. § 78u-4(a)(3)(B).  The

PSLRA directs that:

> the court shall adopt a presumption that the most adequate plaintiff in
> any private action arising under this chapter is the person or group of
> persons that—
> (aa) has either filed the complaint or made a motion in response to a
> notice . . . ;
> (bb) in the determination of the court, has the largest financial interest in
> the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules
> of Civil Procedure.

*Id.* § 78u–4(a)(3)(B)(iii)(I).  The Court's identification of the presumptively most adequate lead

plaintiff may be rebutted if class members offer evidence that the presumptive lead plaintiff: (1)

"will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique

defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u–

4(a)(3)(B)(iii)(II).

A Magistrate Judge may issue an order appointing lead plaintiff and approving lead counsel under Rule 72 of the Federal Rules of Civil Procedure. *See City of Hollywood Police Officers Ret. Sys. v. Henry Schein, Inc.*, 2019 WL 13167890, at *1 n.1 (E.D.N.Y. Dec. 23, 2019) (collecting cases); *Salim v. Mobile TeleSystems PJSC*, 2019 WL 11095253, at *1 n. 2 (E.D.N.Y. Sept. 11, 2019); *In re VEON Ltd. Sec. Litig.*, 2022 WL 1284547, at *1 (S.D.N.Y. Apr. 29, 2022) (Magistrate Judge Wang granting appointments of lead counsel and lead plaintiff).

Here, NMSIC and MSPERS assert the largest losses of the competing lead plaintiff movants and therefore have the "largest financial interest" in the relief sought by the class in the Action (15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)).  In addition to possessing the largest financial interest in the outcome of the litigation, NMSIC and MSPERS each asserts that it "satisfies the requirements of Rule 23" (15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)).

NMSIC and MSPERS have submitted a stipulation requesting appointment as co-lead Plaintiffs.  Ganji has not filed anything in response to that stipulation and, in any event, has a far smaller financial interest in the relief sought by the class and is thus not entitled the presumption of appointment.  The Court also notes that NMSIC and MSPERS are institutional investors and have each been appointed as a lead plaintiff and a class representative in other actions brought under the PSLRA and have an established track record of successfully prosecuting securities class actions.  Both investors represent they are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately and avoid any duplication of effort in the conduct of the litigation.  Additionally, both recognize that they each have standing to assert claims in this Action under the Securities Exchange Act of 1934, 15 U.S.C. §§78a, *et seq.*, and therefore that their joint prosecution of this Action will benefit the putative class.  NMSIC

has selected Grant & Eisenhofer P.A. as its counsel.  NMSIC has selected Berger Montague PC as its counsel.  Both parties agree that it is in the best interests of the putative class for them to serve as Co-Lead Counsel.  Insofar as these entities have the largest financial stake and agree to work together as co-lead Plaintiffs, the Court finds that they should be appointed co-lead counsel. The Court also finds that their selected counsel have experience in litigating securities class actions and will adequately represent the interests of the putative class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v).

Finally, the court notes that a prima facie showing that the requirements of Rule 23 are met is sufficient and such a showing has been made.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23." (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007), *on reconsideration in part sub nom. In re IMAX Sec. Litig.*, 2009 WL 1905033 (S.D.N.Y. June 29, 2009)).  Further, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. at 49 (citation omitted); *see also Kuriakose v. Federal Home Loan Mortgage Co.*, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." (citation omitted)).

## CONCLUSION

For the reasons set forth above, the motions for appointment as lead plaintiff submitted by NMSIC and MSPERS (ECF Nos. 20, 17) are GRANTED.  Pursuant to the PSLRA, 15

U.S.C. §78u-4(a)(3)(B), NMSIC and MSPERS are appointed as Lead Plaintiff.  Pursuant to 15 U.S.C.

§78u-4(a)(3)(B)(v), G&E and Berger Montague are appointed as Co-Lead Counsel.  The motion of

Ganji (ECF No. 11) is DENIED.  In light of their non-opposition filings, this Opinion and Order also

denies as moot the motions at ECF Nos. 12 and 22.  Finally, pursuant to Rule 42(a) of the Federal

Rules of Civil Procedure, any pending, subsequently filed, removed, or transferred actions that are

related to the claims asserted in the Action are consolidated for all purposes.  The Amended

Complaint shall be filed within seven days of this Opinion and Order.


**IT IS SO ORDERED.**

Dated:  October 12, 2022

_____
KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

8